**DUANE BOSWORTH, OSB #82507**
duanebosworth@dwt.com
**CAROL A. NOONAN, OSB #02407**
carolnoonan@dwt.com
**DEREK D. GREEN, OSB#04296**
derekgreen@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
Telephone (503) 241-2300
Facsimile: (503) 778-5299

    Of Attorneys for Defendants Ann Rule, Free Press and Simon & Schuster

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LIYSA NORTHON, an individual; WAYLAND DeWITT, an individual; and JON "TOR" DeWITT, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANN RULE, an individual; FREE PRESS, a division of Simon & Schuster, Inc.; SIMON & SCHUSTER, INC., a Delaware corporation; and DOES I through XX, inclusive,<br><br>    Defendants. | Case No. CV 06-851-MO<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES** |

    Defendants Ann Rule, Free Press, and Simon & Schuster ("the publisher defendants") submit this memorandum in support of their Motion for Attorney Fees in the sum of $209,334.36.

Page 1 – MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES
    DAVIS WRIGHT TREMAINE LLP
    1300 S.W. Fifth Avenue · Suite 2300
    Portland, Oregon 97201 · (503) 241-2300
PDX 1594937v2 0042146-000006

## I.      STATUTORY BASIS FOR AWARD OF FEES

The publisher defendants prevailed on their Special Motion to Strike Plaintiff's Complaint made pursuant to Oregon's anti-SLAPP statute, ORS 30.150.  In a diversity case, the availability and amount of attorneys fees to be awarded is determined under state law.  *Elston v. Toma,* 2005 WL 696900 at *1 (D. Or. 2005) (No. CV 01-1124-KI) (citing to *Kern Oil and Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380 (9th Cir. 1986).  ORS 30.152(3) provides that "[a] defendant who prevails on a special motion to strike made under ORS 31.150 shall be awarded reasonable attorney fees and costs." (emphasis added).

Post-litigation fees related to a motion to recover attorney fees are also recoverable.  *In Re Nucorp Energy, Inc.*, 764 F.2d 655, 660 (9th Cir. 1985) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable.").  Furthermore, fees for paralegals and clerks are recognized as an appropriate part of an attorney fee award if such fees are typically billed to clients separately from attorney fees in the relevant market.  *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989);  *Trustees of the Const. Indus. And Laborers Health and Welfare v. Redland Ins. Co.,* 460 F.3d 1253, 1256-57 (9th Cir. 2006).  Such is the case in the Portland legal market.  (Bosworth Decl. ¶ 2.)

In Oregon, the amount of fees to be awarded is determined by an analysis of the factors listed in ORS 20.075(1) and (2).

## II.      ORS 20.075(1) FACTORS

ORS 20.075(1) requires a court to consider the following factors when determining the amount of attorney fees to be awarded: (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal; (b) the objective reasonableness of the claims and defenses asserted by the parties; (c) the extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases; (d) the

Page 2 – MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1594937v2 0042146-000006

extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses; (e) the objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings; (f) the objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute; (g) the amount that the court has awarded as a prevailing party fee under ORS 20.190; and (h) such other factors as the court may consider appropriate under the circumstances of the case.

Of those factors, the following are relevant in this case:

**A.    Objective reasonableness of the claims (ORS 20.075(1)(b)).**

Plaintiffs' claims for defamation and false light against the publisher defendants for statements contained in Heart Full of Lies, a book about plaintiff Liysa Northon's crime ("the Book"), were unreasonable. In their amended complaint, plaintiffs raised 126 individual statements that allegedly were defamatory or placed one or more defendants in a false light. In the publisher defendants' special motion to strike, they described why *each* statement was neither defamatory nor placed any defendant in a false light, either because: (1) it was not capable of defamatory meaning or of placing the plaintiffs in a false light; (2) it was not relating to any of the plaintiffs; (3) it was true; (4) it was a nonactionable statement of opinion; or (5) plaintiffs suffered no damage from the statement. In fact, multiple combinations of these reasons applied to nearly every statement.

In their response to that motion, plaintiffs made no effort to refute the publisher defendants' arguments as to *any* single statement. Instead, plaintiffs argued that the "cumulative effect" of the Book as a whole was defamatory. This was precisely the argument the publisher defendants had defeated in previous motions to dismiss in state court. Plaintiffs were on notice that their approach to pleading and proving defamation and false light was not supported by the law, yet they continued the pursuit of mere characterizations and conclusions, *not* actual statements made by the publisher defendants. Plaintiffs also failed to offer any evidence that any one of the statements was made with actual malice, necessary to prove the elements of all of their

false light claim and their defamation claim with respect to plaintiff Liysa Northon. Plaintiffs moreover did not offer evidence that any the challenged statements (save one) were even false. It was entirely unreasonable for plaintiffs to pursue their claims where they had no evidence to offer that any statement contained in the Book was made negligently or with actual malice, was false, or was otherwise defamatory.

**B.     Deterrence (ORS 20.075(1)(c) and (d)).**

The award of attorney fees in this case will deter meritless claims while encouraging the defense of a speaker's first amendment rights. The very purpose of anti-SLAPP statutes is to allow the "dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir 2003). By its terms, ORS 31.150 mandates dismissal of meritless claims -- claims where a plaintiff is unable "to establish that there is a probability that [he] will prevail on the claim by presenting substantial evidence to support a prima facie case." The purpose of the statute, encouraging free speech, is furthered by an express, and mandatory, award of reasonable attorney fees to a prevailing defendant. ORS 31.152(3).

An award of attorneys' fees would not deter meritorious claims because by definition a special motion to strike pursuant to ORS 31.150 will be granted only when plaintiffs do not succeed even as a preliminary matter in establishing that a claim has merit. ORS 31.150(3).

**C.     Objective reasonableness and diligence during the proceedings (ORS 20.075(1)(e)).**

The history of plaintiffs' claims demonstrate that plaintiffs failed to prosecute their claims in a reasonable manner, and that the publisher defendants acted reasonably and diligently to dismiss the claims against them.

Plaintiffs' claims against the publisher defendants had a long history even before the present case was removed to federal court. Plaintiffs initially filed their claims for defamation and false light against the publisher defendants in state court in September 2004.

Page 4 – MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES

After defendants made multiple attempts to persuade plaintiffs of the requirements of pleading defamation and false light (Decl. of Duane Bosworth in Supp. of Def.'s Mot. for Atty. Fees (hereinafter "Bosworth Decl.") ¶ 2), defendants moved to dismiss plaintiffs' claims pursuant to ORCP 21A(8) because plaintiffs failed to set forth the actual statements in the Book they contended to be actionable and instead alleged that the Book "taken as a whole" defamed and created a false image of the plaintiffs. Plaintiffs initially opposed the motion. Before it was heard, however, they filed an amended complaint. That amendment did not in any way cure the previous defects, however. It contained precisely the same generalizations and identically failed to list even a single statement actually contained in the Book which plaintiffs claimed was actionable.

Once again, defendants attempted to persuade plaintiffs of their pleading obligations. (Bosworth Decl. ¶ 2.) Failing in this, defendants moved to dismiss the complaint for a second time, pursuant to ORCP 21 A(8). Plaintiffs again responded to the motion, and defendants filed a reply. Plaintiffs appeared at the scheduled hearing. They then conceded the fatal defect in their amended complaint just before the hearing began (Bosworth Decl. ¶ 3) and reported to the court their agreement to file yet another amended complaint, which they did in April, 2005, about eight months after the case was filed. After a motion pursuant to ORCP 21(A) and (D) filed by another defendant, plaintiffs filed a third amended complaint. By this time, the case was running up against the state court rule requiring trials to be held within one year from filing of the complaint. (Bosworth Decl. ¶ 4) After substantial discussion, the parties agreed to stipulate to a general dismissal.[1] (*Id.*) Plaintiffs refiled claims for defamation and false light against the present defendants and the other defendants in December 2005, this time setting forth allegedly defamatory and false light statements. That complaint was followed by a first and second amended complaint in early 2006.

---

[1] Pursuant to the parties agreement, the publisher defendants are not seeking fees for labor performed in the prior state court action.

Former defendant State of Oregon then filed a special motion to strike plaintiffs' claims against it, pursuant to ORS 31.150. Plaintiffs moved against the State's motion, requesting an order barring all defendants from filing motions under ORS 31.150. The present defendants filed a response to plaintiffs motion against the State's motion. The Circuit Court denied plaintiffs' motion, ruling that the defendants could file motions pursuant to ORS 31.150. The present defendants filed their motion to strike plaintiffs' claims, under ORS 31.150. Plaintiffs then stipulated to the dismissal of the State of Oregon. Plaintiffs filed their response to the present defendants' motion. The present defendants removed the case based on the diversity of the remaining defendants and filed their reply in support of their motion. Plaintiffs moved to remand the case, which motion this Court denied. After a hearing, the publisher defendants' special motion to strike was granted.

The procedural history of the case demonstrates that plaintiffs made numerous unsuccessful challenges to legitimate actions taken by the defendants, including seeking an order barring all defendants from filing motions to strike under ORS 31.150 and moving to remand the case to state court following a valid removal. Additionally, the history of the case demonstrates that plaintiffs prolonged the litigation and necessitated what should have been unnecessary briefing by continuing to file defective complaints and raising discredited arguments unsupported by law, including the "Book as a whole" approach. Indeed, plaintiffs' ultimate argument in response to the special motion to strike had been previously discredited, more than once. Given that the present defendants twice moved to dismiss plaintiff's complaint based on the same error of law that rendered defective plaintiffs' argument in response to the present defendants' special motion to strike, plaintiffs' actions in the proceedings can only be described as unreasonable and lacking in diligence.

The history of the case further demonstrates that the present defendants have done nothing more than attempt to dismiss the meritless claims against them, on multiple occasions.

One more note should be added to the discussion of the reasonableness of plaintiffs' claims. As described, defendants were required to address each of plaintiffs' 126 specifications of allegedly actionable statements. The parties conferred about eliminating a significant portion of these, but plaintiffs took no action. (Bosworth Decl. ¶ 5.) It was not reasonable for plaintiffs to maintain a significant portion of these statements which could in no event be actionable. Statements about: Liysa Northon's housekeeping skills; whether Wayland DeWitt had a doctorate of education or a doctorate of philosophy; or whether Jon DeWitt was a bodybuilder or a power lifter, to name only three representative examples, were not worthy of this Court's time and defendants should never have been required to respond to them. Similarly, based on plaintiffs' continued statements of generalizations in their complaint, plaintiffs never abandoned making unsupported claims concerning matters not even in the Book, such as claims about charges of aiding and abetting or conspiracy, and many other matters not actually found in the Book. Finally, at bottom, Liysa Northon's complaint was that she was not portrayed in the Book as a battered woman who acted in self-defense. That legal ship had sailed in her plea, however, and in a subsequent civil action. It was wrong for plaintiff Northon to bring such claims to this Court.

**D.    Objective reasonableness and diligence in pursuing settlement (ORS 20.075(1)(f)).**

Based on their meritless claims, plaintiffs sought damages in their second amended complaint in the amount of "at least" $1,500,000. At no time did they make any demand for settlement, much less a reasonable demand. (Bosworth Decl. ¶ 6.)

As soon as plaintiffs filed a viable complaint, the present defendants moved to dismiss that complaint pursuant to ORS 31.150, at the earliest opportunity and before discovery. The present defendants reasonably did not make an earlier offer of settlement, given the strength of their position and the unreasonableness of plaintiffs' claims. (*Id.*)

### III. ORS 20.075(2) FACTORS

The second prong of ORS 20.075 requires examination of (a) the time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services; (b) the likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases; (c) the fee customarily charged in the locality for similar legal services; (d) the amount involved in the controversy and the results obtained; (e) the limitations imposed by the client or the circumstances of the case; (f) the nature and length of the attorney's professional relationship with the client; (g) the experience, reputation and ability of the attorney performing the services; and (h) whether the fee of the attorney is fixed or contingent. Each of the relevant factors is addressed below.

**A.     Time and labor expended; novelty and difficulty of issues.**

Plaintiffs' claims originated with the filing of a complaint in Circuit Court in September 2004. As described in detail above, due to numerous defects in plaintiffs' claims and pleadings, the litigation ultimately dragged on for nearly two and a half years, and counsel for the publisher defendants has been forced to make numerous attempts to dismiss and to reply to ultimately unsuccessful attempts by plaintiffs to thwart the dismissal of the claims.

Bringing and supporting a special motion to strike pursuant to ORS 31.150 is very similar to obtaining a complex summary judgment. The defendant must establish not only the applicability of the statute, but also that the plaintiff does not have substantial evidence to support a prima facie case. ORS 31.150. A successful defendant is therefore required to marshall all of its evidence and brief all of its legal theories, to demonstrate that the plaintiff will not prevail on its claim.

In this case, plaintiffs contested not only the merits of their claims, but also whether ORS 31.150 applied to the facts of this case. As previously noted, defendants' memorandum in support of their special motion to strike necessarily addressed each of the 126

statements claimed by plaintiffs to be defamatory or to place them in a false light. This required a detailed analysis of each statement, the basis therefore and other elements of the claim with respect to that statement, as well as applicable defenses. Moreover, the documentary evidence that counsel for the publisher defendants was required to analyze and incorporate to support their arguments was extremely voluminous. Because of the nature of plaintiffs' claims, counsel was required to examine all of the materials that defendant Ann Rule had used to write the Book, to determine and identify on what the allegedly defamatory statements were based, an extremely time consuming endeavor. The scope of counsel's factual investigation is illustrated by the lengthy Declaration of Ann Rule filed in support of the publisher defendants' special motion to strike and the numerous exhibits to that declaration.

Through all of the litigation, counsel for the publisher defendants together spent over 750 hours laboring to have the claims against their clients dismissed. Exhibit 1 to the Declaration of Duane Bosworth in Support of Defendants' Motion for Attorneys' Fees describes the time spent by each Davis Wright Tremaine attorney who performed significant work on the case. (Bosworth Decl. ¶¶ 7-8.)[2] While the final result took a good deal of time, the amount is very reasonable based on the extent of the proceedings.

**B.      Fee customarily charged for similar services.**

Defendants' requested fee rates are within the range of fees customarily charged by attorneys with comparable levels of experience at comparable Portland law firms. (Bosworth Decl. ¶¶ 10-13.) This Court should use the prevailing market rate in the community to determine an appropriate award of attorneys' fees. *See Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001).

---

[2] Exhibit 1 does not include, and the publisher defendants are not seeking, fees for nearly 40 additional hours spent working on this case by paralegals, document clerks and attorneys outside of the primary litigation team.

Page 9 – MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES

C.  **Amount in controversy and results.**

Plaintiffs' Second Amended Complaint prayed for "at least" $1,500,000 in economic and non-economic damages. Because defendants prevailed on their special motion to strike, plaintiffs' case has been dismissed and they will receive nothing.

D.  **Attorney's professional relationship with clients.**

Davis Wright Tremaine LLP represents Simon & Schuster Inc., its parent company, CBS, and some of its published authors including Ms. Rule, in multiple matters.

E.  **Experience, reputation and ability of attorney.**

Facts relating to the experience, reputation, and ability of counsel for the publisher defendants are set forth in the Declaration of Duane Bosworth in Support of Defendants' Motion for Attorneys' Fees, filed herewith. (Bosworth Decl. ¶¶ 11-13.)

F.  **Fixed or contingent fee.**

This case was billed on an hourly basis, at a rate that was 15% less than Davis Wright Tremaine LLP's national billing rate.

## IV. CONCLUSION

For all of the foregoing reasons, defendants Ann Rule, Free Press and Simon & Schuster respectfully request the Court grant their Motion for Attorneys' Fees in the amount of $209,334.36.

DATED this 26th day of February, 2007 .

**DAVIS WRIGHT TREMAINE LLP**

By  /s/ Duane A. Bosworth
    Duane Bosworth, OSB #82507
    Carol Noonan, OSB #02407
    Derek D. Green, OSB #04296
    Telephone: (503) 241-2300
    Facsimile: (503) 778-5299
    Of Attorneys for Defendants Ann Rule,
     Free Press, and Simon & Schuster