**DUANE BOSWORTH, OSB #82507**
duanebosworth@dwt.com
**CAROL A. NOONAN, OSB #02407**
carolnoonan@dwt.com
**DEREK D. GREEN, OSB#04296**
derekgreen@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon  97201
Telephone  (503) 241-2300
Facsimile:  (503) 778-5299

   Of Attorneys for Defendants Ann Rule, Free Press and Simon & Schuster

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LIYSA NORTHON, an individual; WAYLAND DeWITT, an individual; and JON "TOR" DeWITT, an individual,<br><br>                    Plaintiffs,<br><br>     v.<br><br>ANN RULE, an individual; FREE PRESS, a division of Simon & Schuster, Inc.; SIMON & SCHUSTER, INC., a Delaware corporation; and DOES I through XX, inclusive,<br><br>                    Defendants. | Case No. CV 06-851-MO<br><br>**DECLARATION OF DUANE A. BOSWORTH IN SUPPORT OF MOTION FOR ATTORNEY FEES** |

   Duane A. Bosworth declares as follows:

   1.   I am a partner in the Portland, Oregon office of Davis Wright Tremaine.  I am the principal attorney representing defendants Ann Rule, Free Press, and Simon & Schuster, Inc. ("the publisher defendants") in this case.  I make this declaration in support of their petition

for attorney fees. This declaration is made on my personal knowledge, gained in part from other sources, as described herein.

2.  I conferred with counsel for plaintiffs on multiple occasions before filing either of the publisher defendants' motions to dismiss pursuant to ORCP 21 A(8) in the prior state court action, attempting to persuade plaintiffs that their complaints did not satisfy the requirements of pleading defamation and false light in Oregon.

3.  Just before the hearing began on the publisher defendants' second Motion to Dismiss pursuant to ORCP 21 A(8) with respect to plaintiffs' Amended Complaint in the prior state court proceedings, counsel for plaintiffs conceded the fatal defect in their Amended Complaint and reported to the court their agreement to file a Second Amended Complaint.

4.  By the time plaintiffs filed their Third Amended Complaint in the prior state court action, the case was running up against the state court rule requiring trials to be held within one year from filing of the complaint. After substantial discussion, the parties agreed to stipulate to a general dismissal. The parties agreed that defendants would not seek attorneys' fees for labor performed in the prior state court action.

5.  Before the publisher defendants filed their Special Motion to Strike pursuant to ORCP 31.150, I conferred with plaintiffs' counsel several times about eliminating a significant portion of plaintiffs' 126 specifications of allegedly actionable statements, but plaintiffs took no action.

6.  Plaintiffs did not make any demand for settlement, and under the circumstances counsel for the publisher defendants did not make any offer.

7.  It is part of the normal business practice for timekeepers in my firm to keep a daily record of the time they spend on each matter, together with a brief description of the work done. These daily records are entered into a computer time-keeping system and form the basis for the bills for legal services we send to clients.

8. Attached hereto as Exhibit 1 is a description of the time spent by each Davis Wright Tremaine attorney who performed work on this case in the period of January 2006, through February 2007, together with the amount of time spent, for which defendant seeks reimbursement. In summary, that chart describes 751.2 hours of work in this case.

9. The publisher defendants are requesting an award of fees at the usual reduced national rates charged to the publisher defendants for the Davis Wright Tremaine attorneys, paralegals and clerks who worked on the case. Set forth below are the reduced national billing rates for each of the attorneys, paralegals, and document clerks who worked on this case, for calendar years 2006 and 2007. These are the rates that I charged the publisher defendants for our legal work.

|  | Position | 2006 Reduced Rate | 2007 Reduced Rate |
| --- | --- | --- | --- |
| Duane A. Bosworth | Partner | 344.25 | 365.50 |
| Derek Green | Associate | 187.00 | 208.25 |
| Carol Noonan | Associate | 229.50 | 250.75 |

The billing rates for attorneys are consistent with the market rate for other Portland lawyers with experience and expertise comparable to the individuals listed. I base that statement on the facts set out in the following paragraph.

10. According to the Oregon State Bar 2002 Economic Survey (the "OSB Survey"), the most recent survey available, the rates in **2002** for corporate commercial litigation in Portland averaged $222 per hour. This figure represents the average hourly rate for all corporate commercial litigators in Portland in 2002, regardless of level of experience, reputation, or particular expertise.[1] According to the OSB Survey, a Portland commercial litigator billing $265 per hour in 2002 was in the 75th percentile, and a litigator with a billing rate of $333 per hour in 2002 was in the 95th percentile. *Id.* My reduced national rate in 2002 was $225.25 per

---

[1] The average rate in 2002 for all attorneys in Portland with 16-20 years of experience, regardless of practice area, was $218 per hour.

hour and was therefore well within the range of market rates documented by the OSB Survey for corporate commercial litigators in Portland in that year, and was just about the average rate. Carol Noonan's reduced national rate in 2002 was $110.50 per hour and was therefore well under average market rates.[2]  Derek Green was not yet practicing law in 2002.

11. I am a 1982 graduate of the University of Oregon Law School, where I was editor-in-chief of the Oregon Law Review. Following a clerkship with the Chief Judge of the United States District Court, District of Connecticut, I joined the predecessor firm of Davis Wright Tremaine in 1983 and became a partner in 1989. My practice is focused on media and first amendment law.

12. Carol Noonan is a 2002 graduate of Georgetown University Law Center, where she was a Senior Editor for the American Criminal Law Review. She has been practicing law as a litigation associate with Davis Wright Tremaine since 2002.

13. Derek Green graduated with high honors in 2004 from the University of Washington School of Law. During law school, he served as Executive Notes and Comments Editor for the Washington Law Review and served as an extern for the Honorable Ancer Haggerty, Chief Judge of the United States District Court, District of Oregon. After graduation, Mr. Green was a law clerk for the Honorable Robert Beezer, Circuit Judge with the United States Court of Appeals for the Ninth Circuit. He joined Davis Wright Tremaine as an associate in 2005.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on this 26th day of February, 2007, at Portland, Oregon.

/s/ Duane A. Bosworth
Duane A. Bosworth

---

[2] The average rate in 2002 for all attorneys in Portland with 0-3 years of experience, as Ms. Noonan had at that time, regardless of practice area, was $144 per hour. A Portland attorney with 0-3 years experience billing $129 per hour in 2002 was just in the 25th percentile.