FILED

DEC 14 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIYSA NORTHON,<br><br>   Plaintiffs - Appellants,<br><br> v.<br><br>ANN RULE, an individual; et al.,<br><br>   Defendants - Appellees. | No. 07-35319<br><br>D.C. No. CV-06-00851-MO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted November 17, 2009[**]

Before:   ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

 Liysa Northon appeals pro se from the district court's order granting

defendants' special motion to strike under Oregon's anti-SLAPP statute, Or. Rev.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.
  [**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

GT/Research

Stat. § 31.150. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Gardner v. Martino*, 563 F.3d 981, 986 (9th Cir. 2009), and we affirm.

The district court did not err in granting defendants' special motion because Northon failed to meet her burden of establishing that there was a probability that she would prevail on her claims. *See id*. at 986 (explaining that plaintiff has burden to "establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case").

Specifically, Northon failed to show how any statements made in defendants' book may have been defamatory. *See id*. at 989 (affirming dismissal of defamation claim because, inter alia, plaintiff failed to present substantial evidence to support a prima facie case).

Northon's contention that the magistrate judge was impermissibly biased against her is unavailing because she never filed a recusal motion pursuant to 28 U.S.C. § 144. *See United States v. Castro*, 887 F.2d 988, 1000 (9th Cir. 1989).

Northon's contention regarding ineffective assistance of counsel before the district court is unavailing because a plaintiff has no constitutional right to effective assistance of counsel in a civil action. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam).

We do not consider issues Northon has raised for the first time on appeal.

*See Turnacliff v. Westly*, 546 F.3d 1113, 1120 (9th Cir.2008) (declining to consider a new issue on appeal)

Northon's remaining contentions lack merit.

**AFFIRMED**.