**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIYSA NORTHON; WAYLAND DEWITT; JON "TOR" DEWITT,<br>    *Plaintiffs-Appellants,*<br><br>v.<br><br>ANN RULE, an individual; FREE PRESS, a division of Simon & Schuster, Inc.; SIMON & SCHUSTER, INC., a Delaware corporation,<br>    *Defendants-Appellees.* | No. 07-35319<br><br>D.C. No.<br>CV-06-00851-MO<br>District of Oregon,<br>Portland<br><br>ORDER |

Filed January 18, 2011

Before: A. Wallace Tashima, Richard A. Paez, and
Richard R. Clifton, Circuit Judges.

---

**ORDER**

 In a true-crime book entitled *Heart Full of Lies*, author Ann Rule described in detail the killing by Liysa Northon of her husband, Christopher Northon. Liysa Northon, together with other members of her family, filed suit in an Oregon court against Rule and her publisher for defamation and false light invasion of privacy. Having already pled guilty to a charge of first degree manslaughter in an Oregon court, Liysa Northon did not dispute that she killed her husband, but she nonetheless contended that the book contained multiple misrepresentations. Defendants removed the defamation action to federal district court and thereafter moved to dismiss Plaintiffs' claims under Oregon's anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") law, Or. Rev. Stat. § 31.150, et seq. "Anti-SLAPP statutes are designed to allow the early dis-

817

missal of meritless lawsuits aimed at chilling expression through costly, time-consuming litigation." *Gardner v. Martino,* 563 F.3d 981, 986 (9th Cir. 2009) (citing *Verizon Del., Inc. v. Covad Commc'ns. Co.*, 377 F.3d 1081, 1090 (9th Cir. 2004)). The district court granted the Defendants' special motion to strike the Plaintiffs' claims and dismissed the case without prejudice.[1] In a memorandum disposition, a screening panel of our court affirmed that dismissal by the district court.

Defendants subsequently filed a motion for attorneys' fees in connection with the appeal, citing Or. Rev. Stat. § 31.152(3), which provides that a defendant who prevails on an anti-SLAPP motion to strike shall be awarded reasonable attorneys' fees and costs. Determining that the fee motion raised a potentially open question of law as to whether a fee award pursuant to a state anti-SLAPP law is governed by state or federal law, the original panel vacated both its initial order on the fee application and its previous decision regarding the underlying dismissal by the district court. The matter was reassigned to this panel to permit more detailed consideration. In a memorandum disposition filed simultaneously with this order, we again affirm the dismissal by the district court under the Oregon anti-SLAPP statute.

---

[1]Or. Rev. Stat. § 31.150(1) allows defendants to bring a special motion to strike a claim which is treated as a motion to dismiss without prejudice. The defendant has the initial burden of showing that the challenged statement is within one of the categories of civil actions described in the statute, including any claim in a civil action that arises out of "(c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Or. Rev. Stat. § 31.150(2). If the defendant meets the initial burden, "the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case. If the plaintiff meets this burden, the court shall deny the motion." Or. Rev. Stat. § 31.150(3). *See Gardner,* 563 F. 3d at 986; *Englert v. MacDonell*, 551 F.3d 1099, 1101-02 (9th Cir. 2009).

| NORTHON v. RULE | 819 |
|---|---|

As for the Defendants' motion for attorneys' fees on appeal, we hold that Oregon state law governs the award of attorneys' fees on appeal in this case. State laws awarding attorneys' fees are generally considered to be substantive laws under the *Erie* doctrine and apply to actions pending in federal district court when the fee award is "connected to the substance of the case." *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir. 1992). In *United States ex. rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972-73 (9th Cir. 1999), we held that a special motion to strike and the attorneys' fee provision in California's anti-SLAPP statute, which allows a prevailing defendant on a motion to strike to recover attorneys' fees and costs, protect substantive rights and apply in federal court. *See* Cal. Civ. Proc. Code § 425.16(c)(1).

Although it is different in certain respects, Oregon's anti-SLAPP statute was modeled after California's. *See Englert v. MacDonell*, 551 F.3d 1099, 1101-02 (9th Cir. 2009). The anti-SLAPP laws guard public participation in discussion of matters of public concern. *See Lockheed*, 190 F.3d at 972; Or. Rev. Stat. § 31.150(2)(d) ("free speech in connection with a public issue or issue of public interest"); Cal. Civ. Proc. Code § 425.16(a) ("freedom of speech" and "continued participation in matters of public significance"). The entitlement to fees and costs enhances the anti-SLAPP law's protection of the state's "important, substantive" interests. *See Lockheed*, 190 F.3d at 973.

Plaintiffs have not objected to the hours or rates requested by Defendants' counsel. Because we find the fee request to be reasonable, we grant Defendants' motion for an award against Plaintiffs for fees on appeal under Or. Rev. Stat. § 31.152(3) in the requested amount of $21,253.53.

**MOTION GRANTED.**